IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HENRY JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:21-cv-1867 |
| | § | |
| HARTMAN INCOME REIT | § | |
| MANAGEMENT, LLC | § | |
| | § | JURY TRIAL DEMANDED |
| Defendant | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Henry Jones ("Plaintiff" or "Jones"), through his counsel, brings this action against Defendant Hartman Income Reit Management, LLC ("Reit" or "Defendant") for age and race discrimination in violation of 29 U.S.C. §621 et seq. ("Age Discrimination in Employment Act" or "ADEA"), 42 U.S.C. §1981, and Chapter 21 of the Texas Labor Code and would respectfully show the Court as follows:

### I.

### PARTIES

1.01    Plaintiff, Henry B. Jones ("Plaintiff" or "Jones") is a citizen of the United States and a resident of the State of Texas. Plaintiff resides at 612 Andelusia Trail, Desoto, Texas 75115. Plaintiff may be contacted through the undersigned counsel.

1.02    Defendant Hartman Income Reit Management, LLC ("Defendant" or "Reit") is a foreign Limited Liability Company currently doing business in Texas at 8111 LBJ Freeway, Suite

130, Dallas, Texas 75251.  Defendant is registered with the Texas Secretary of State and may be served through its registered agent for service, Michael Racusin located at 2909 Hillcroft, Suite 420, Houston, TX 77057, through an officer, or wherever found.

## II.

## JURISDICTION AND VENUE

2.01    Plaintiff brings this action for wrongful termination under 42 U.S.C. '1981 for civil rights violations, , 29 U.S.C. §621 et seq. for age discrimination and Chapter 21 of the Texas Labor Code.

2.02    Jurisdiction is conferred on this Court by 28 U.S.C. '1331.  The Court has federal question jurisdiction because this action arises under 42 U.S.C. §1981, and 29 U.S.C § 621 et al.

2.03    Venue for all causes of action stated herein lies in the Northern District of Texas because the acts alleged in this Complaint took place, in whole or in part, within the boundaries of this District pursuant to 28 U.S.C. '1391.  Plaintiff's EEOC charge was filed and pursued in the Dallas District office of the EEOC.   Plaintiff received a Notice of Right to Sue and has timely filed this Original Complaint.

## III.

## FACTUAL ALLEGATIONS

3.01    Plaintiff is a 74-year-old African American male.  He was hired by Reit on June 6, 2006**.**

3.02    Plaintiff worked for Defendant full time (40 hours per week) since his date of hire and consistently met the Defendant's expectations and received no disciplinary action.

3.03    In or about April 9, 2018, Defendant reduced Plaintiff's work schedule to 20 hours per week, causing a serious financial hardship for the Plaintiff.  No one else in his position within the

Defendant's organization had their hours reduced.

3.04.   In approximately June 2018, Plaintiff filed an EEOC charge against Defendant alleging that he was a victim of age discrimination since no one else had their hours reduced and at the time he was the oldest employee in that division of the Defendant's operations.

3.05   After Jones filed his EEOC charge, he was promptly reinstated to his full-time position thereby showing that the original job hours change was without good cause and suggested that his age was a substantial factor in the reduction of his hours.

3.06   In April 2021, Plaintiff's position was permanently illuminated. At the time, Plaintiff's duties were immediately assumed by a significantly younger male in his 30's.

3.07   Defendant again justified the position that it was for budgetary concerns. Yet no significant savings were realized by Plaintiff's job elimination, since all of the Plaintiff's job duties were then assumed by a younger less qualified individual.

3.08   Plaintiff notified the employer that he felt that his race was also a determining factor in his job elimination.

**IV.**

**FIRST COUNT**

**42 U.S.C.§1981 Violations – Race Discrimination**

4.01.   The foregoing paragraphs of this Complaint are incorporated in this count by reference as fully as if set forth at length herein.

4.02.   42 U.S.C. §1981 provides that:

"**§ 1981.  EQUAL RIGHTS UNDER THE LAW**

(a)  Statement of equal rights. – All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the

security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) 'Make and enforce contracts' defined. – For purposes of this section, the term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

(c) Protection against impairment. – The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State Law."

4.03   Defendant deprived Plaintiff of his right to work in his capacity as a Resident Support Specialist to "the full and equal benefit of all laws and proceedings" as is enjoyed by white citizens in this position, in violation of 42 U.S.C. § 1981.  Defendant has also deprived Plaintiff of his right to advance his career and professional life because of Plaintiff's race, and in retaliation, in violation of 42 U.S.C. § 1981.

4.04   Defendant engaged in a single, continuous course of conduct of discrimination against Plaintiff because of his race, and in retaliation, in order to destroy Plaintiff, his career, and his professional life.

4.05   Such discrimination and retaliation by Defendant against Plaintiff was intentional, and Plaintiff would not have been fired but for his race.  Accordingly, Plaintiff is entitled to recover damages from Defendant for back pay, front pay, overtime pay, past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life, and other nonpecuniary losses. Further, this discrimination was done by Defendants with malice or with reckless indifference to Plaintiff's federally protected rights.  Plaintiff is therefore also entitled to recover punitive damages in a sum which is in excess of the minimum jurisdictional limit of this Court.  Plaintiff also seeks to recover all costs of Court, attorney's fees, and expert fees.

## V.

## SECOND COUNT

## AGE DISCRIMINATION IN EMPLOYMENT ACT 29 U.S.C s. 621 *et seq.*

### Age Discrimination and Retaliation

5.01. The foregoing paragraphs of this Complaint are incorporated in this count by reference as fully as if set forth at length herein.

5.02  Plaintiff is an employee within the meaning of the ADEA and belongs to a class protected under the statute, because he is over 40 years of age.

5.03  Defendant is an employer within the meaning of the ADEA.

5.04. All conditions precedent to filing this action for discrimination under federal law have been met.  Plaintiff has filed a charge of race discrimination and retaliation with the EEOC.  A Notice of Right to Sue was mailed to Plaintiff on May 8, 2021.  Plaintiff files this Original Complaint within 90 days of his receipt of the Notice of Right to Sue from the EEOC.

5.05  Defendant violated the ADEA by discriminating and/or retaliating against Plaintiff in connection with compensation, terms, conditions or privileges of employment because of Plaintiff's race, and because Plaintiff engaged in protected activity, including reporting violations of the ADEA.

5.06  Defendant also retaliated against Plaintiff by subjecting him to retaliatory acts in response to his reports of discrimination, by later terminating Plaintiff's employment after reporting violations of the ADEA.  Defendant has thereby intentionally engaged in unlawful employment practices prohibited by the ADEA.

5.07  Defendant engaged in a single, continuous course of conduct of discrimination and retaliation against Plaintiff because of his age and in retaliation for his protected activities in order to

destroy Plaintiff, his career, and his professional life.

5.08   Such discrimination by Defendant against Plaintiff was intentional and was a motivating factor in Defendants' conduct toward Plaintiff.  Accordingly, Plaintiff is entitled to recover damages from Defendant for back pay, front pay, overtime pay, past and future pecuniary losses,  loss of enjoyment of life and other nonpecuniary losses.  Further, this discrimination was done by Defendant with malice or with reckless indifference to Plaintiff's federally protected rights.  Plaintiff is therefore also entitled to recover punitive damages in a sum which is in excess of the minimum jurisdictional limit of this Court.  Plaintiff also seeks to recover all costs of Court, attorney's fees, and expert fees.

## VI.

## THIRD COUNT

### Violation of Chapter 21 of the Texas Labor Code

6.01   The foregoing paragraphs of this Complaint are incorporated in this count by reference as fully as if set forth at length herein.

6.02   Plaintiff timely filed his charge of discrimination before the EEOC and the Texas Workforce Commission thereby preserving his state rights under Chapter 21 of the  Texas Labor Code.

6.03   Defendant's actions were discriminatory and retaliatory in violation of Chapter 21 of the  Texas Labor Code.

## VII.

### JURY TRIAL DEMANDED

7.01   PLAINTIFF DEMANDS A TRIAL BY JURY.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have and recover the following relief against Defendant:

(1) Judgment for actual damages in the amount of past and future lost earnings and benefits and damages to past and future earnings capacity;

(2) Judgment for back pay and front pay as allowed by law;

(3) Judgment for past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life and other nonpecuniary losses;

(4) Damages for past and future mental anguish, emotional distress, and physical distress;

(5) Prejudgment and post-judgment interest at the maximum legal rate;

(6) All costs of Court;

(7) Attorneys' fees;

(8) Experts' fees;

(9) Such other and further relief to which Plaintiff may be justly entitled.

Dated: August 10, 2021.

Respectfully submitted,

**KILGORE & KILGORE, PLLC**

By: */s/ Nicholas A. O'Kelly*
Nicholas A. O'Kelly
State Bar No. 15241235
nao@kilgorelaw.com
Kilgore Law Center
3109 Carlisle
Dallas, Texas 75204
(214) 969-9099 - Telephone
(214) 953-0133 - Facsimile

**ATTORNEYS FOR PLAINTIFF HENRY JONES**